IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VICTOR WAYNE WILLIAMS, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-252-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Victor Wayne Williams, TDCJ #745892, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Navasota, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C.     PROCEDURAL HISTORY

Williams is serving a 10-year state sentence for his 1996 conviction for aggravated robbery with a deadly weapon in the Criminal District Court Number One of Tarrant County, Texas, Case No. 0570680D. (1State Habeas R. at 37.)[1] Williams was released on parole but was later arrested on a pre-revocation warrant in Denton County and returned to TDCJ on October 13, 2005. (Resp't Motion to Dismiss, Exhibit A.) Upon revocation, TDCJ forfeited Williams's previously accrued good time and denied Williams credit for the time he spent on release, "street time," due to his ineligibility under Texas Government Code § 508.283©). (*Id.*) Williams remains incarcerated with a maximum expiration date of April 3, 2008, and is parole eligible. (*Id.*)

Williams claims he is entitled to credit for (1) time spent in Boot Camp and (2) street time. (Petition at 7.) Williams pursued time credit dispute resolution through the prison and state habeas relief, to no avail. *Ex parte Williams*, Application Nos. 67,305-02 & 67,305-03, at cover; TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Williams filed this petition on April 24, 2007.[2] Quarterman has filed a motion to dismiss the petition on limitations grounds.

---

[1] "1State Habeas R." refers to the state court record of Williams's state habeas Application No. 67,305-01; "2State Habeas R." refers to the state court record of his state habeas Application No. 67,305-02; "3State Habeas R." refers to the state court record of his state habeas Application No. 67,305-03; "4State Habeas R." refers to the state court record of his state habeas Application No. 67,305-04.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

**D.     STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period began to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.  *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274,

280 (2ᵈ Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008) (not designated for publication in the Federal Reporter); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits).

In 1995 Williams originally received deferred adjudication following his guilty plea to the offense and was placed on community supervision. (1State Habeas R. at 27.) As a condition of community supervision, he was required to spend 180 days in Boot Camp. (*Id.* at 30.) Williams's guilt was later adjudicated on March 18, 1996, and he was sentenced to ten years' confinement. (*Id.* at 37.) He was credited with 179 days toward his sentence in the state court's judgment adjudicating guilt. Thus, Williams could have discovered, through the use of due diligence, that he was not credited for time spent in Boot Camp on March 18, 1996. Because this date is prior to the effective date of the AEDPA, a federal petition for habeas relief raising the claim was due on or before April 24, 1997, absent any applicable tolling. *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Williams is not entitled to statutory tolling under subsection (d)(2) because he waited until after the federal limitations period had already expired to pursue his state administrative and habeas remedies. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Nor has he alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d

806, 811 (5th Cir. 1998). Thus, Williams's petition is untimely as to his claim that he is entitled to credit for time spent in Boot Camp.

Williams could have learned that he was ineligible for street time credit in calculating his sentence, through the exercise of due diligence, on September 6, 2005, the day his parole was revoked, or shortly thereafter when he was returned to TDCJ custody. *See Moore v. Dretke*, No. 3:03-CV-2121-R, 2003 WL 22964139 (N.D. Tex. Dec. 2, 2(not designated for publication). Thus, the federal limitations began on this claim on September 6, 2005, and closed one year later on September 6, 2006, subject to any applicable tolling. The record reflects that following revocation of his parole Williams requested administrative review of his time credits through the prison's time credit dispute resolution process on October 28, 2005. (Resp't Motion to Dismiss, Exhibit C.) On April 11, 2006, TDCJ notified Williams that there was no error in his time calculations. (*Id.*) Williams's administrative proceedings were pending a total of 165 days. Quarterman contends that the statutory tolling provision does not provide for tolling during the pendency of the administrative dispute resolution proceedings. However, this Court has held that the pendency of a prison grievance procedure such as the one involved here, which is mandated by § 501.0081 of the Texas Government Code, tolls the running of the statute of limitations. *See Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002); *Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief). Thus, Williams is entitled to have that period tolled under the statute, making a federal petition as to this claim due on or before February 18, 2007. Williams is also entitled to tolling during the pendency of his relevant state habeas application, filed

on February 15, 2007, or an additional 118 days.  28 U.S.C. § 2244(d)(2).  Accordingly, a federal petition as to this claim was due on or before June 16, 2007.  Williams's petition, filed on April 24, 2007, was therefore timely.  **E.  DISCUSSION**

Section 508.283©) of the Texas Government Code grants certain offenders, who have their parole or mandatory supervision revoked on or after September 1, 2001, credit for the portion of time they spent on parole or mandatory supervision.

Section 508.283 provides, in relevant part:

> (b)  If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

> ©)  If the parole, mandatory supervision or conditional pardon of a person other than *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.  For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN § 508.283(b), ©) (emphasis added).

Section 508.149(a), entitled "Inmates Ineligible for Mandatory Supervision," provides, in relevant part:

> (a) An inmate may not be released to mandatory supervision if the inmate is *serving a sentence for* or has been previously convicted of:

>    (1) an offense for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure;
>
>    . . .
>
>    (10) a first degree felony under Section 29.03 [for aggravated robbery], Penal Code . . . .

*Id.* § 508.149(a)(1), (10) (emphasis added).

Although § 508.283 may apply to Williams's case given that his parole revocation occurred after September 1, 2001, because he is serving a sentence for first-degree aggravated robbery and the judgment of conviction contains an affirmative deadly weapon finding, he is "a person described by Section 508.149(a)."[3] Accordingly, § 508.283(b) applies to his case, and, contrary to his arguments, Williams has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). It is well established that a Texas parole violator has no constitutional right to credit on his sentence for time spent on parole. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Hamill v.* Wright, 870 F.2d 1032, 1036-37 (5th Cir. 1989); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir. 1972).

Williams has failed to prove that he has been denied a constitutionally protected right. Absent a claim that Williams has been deprived of some right secured to him by the United States

---

[3]The Texas Court of Criminal Appeals has held that in determining an inmate's eligibility for mandatory supervision, the governing statute is the one that was in effect when the offense was committed. *Ex parte Mabry*, 137 S.W.3d 58, 59-60 (Tex. Crim. App. 2004) (en banc). Under the law in effect when Williams committed the holding offense, he also fell under the purview of then article 42.18, § 8©) of the Texas Code of Criminal Procedure, and the result is the same. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 888, § 2, 1993 Tex. Gen. Laws 3533, 3534-357.

7

Constitution or laws, habeas relief is not available. *Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir. 1983).

## II. RECOMMENDATION

It is therefore recommended that Quarterman's motion to dismiss be granted and that Williams's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 30, 2007.

 /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE