```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION
```

| | | |
|---|---|---|
| VICTOR WAYNE WILLIAMS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:07-CV-252-Y |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

<u>ORDER RE: OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT and,</u>
<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT, AS MODIFIED</u>

In this action brought by petitioner Victor Wayne Williams under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 30, 2007; and

3. The respondent's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on September 19, 2007.

The Court, after **de novo** review, concludes that Respondent's objections must be overruled, in part, and sustained, in part; and that the petition for writ of habeas corpus should be dismissed with prejudice, in part, and denied, in part; for the reasons stated in the magistrate judge's findings and conclusions, and as set forth here.

Williams asserts two claims in this petition, (1) that he was denied credit for time spent in a boot-camp facility prior to adjudication, and (2) that he was denied street-time credit for time spent on parole. The respondent moved to dismiss both claims as time-barred by the limitations provision of 28 U.S.C. §

2244(d)(1). The magistrate judge agreed as to the first claim, but recommended that as to the claim based upon loss of street-time credit, that Williams should be entitled to tolling of the limitations provision under 28 U.S.C. § 2244(d)(2) for the time he sought state mandated review of his lost-time-credit claim.[1] Affording tolling credit for the time of administrative review, and tolling the time for the state application for writ of habeas corpus, the magistrate judge recommended that Williams's petition was timely as to the second claim, and then concluded that the claim should be denied on the merits.

The respondent objects to the magistrate judge's finding that Williams should be entitled to tolling for the time of the administrative review of his time-credit claim. But for the reasons stated by the magistrate judge and, under the analysis of the United States Court of Appeals for the Fifth Circuit in *Kimbrell v. Cockrell*, 311 F.3d 361, 363-4 (5th Cir. 2002) given by Judge McBryde of this district, this Court concludes that the respondent's limitations-based objections to the magistrate judge's findings and conclusions must be overruled.[2]

---

[1] *See* Tex. Gov't Code Ann. § 501.0081 (Vernon 2004).

[2] *See Hunter v. Quarterman,* No.4:06-CV-342-A, 2006 WL 2914162, at * 2 (N.D.Tex. October 11, 2006)

> ("In *Kimbrell*, the plaintiff sought to have the limitations period for his habeas petition tolled pending his filing of a claim under the prison's grievance procedure. Because Kimbrell did not timely file his grievance procedure claim, the limitations period for his habeas petition could not be tolled. However, the court observed that, in general, "the timely pendency of prison grievance procedures [toll] the one-year period" for filing habeas petitions. *Id.* at 364. The court agrees with the Fifth Circuit's

Notwithstanding the magistrate judge's finding that the petition was not time-barred as to the second claim for street-time credit, and his finding that such claims should be denied on the merits, the magistrate judge recommended that the whole petition should be dismissed as time-barred. The respondent objects that such recommendation does not flow from the analysis. This objection must be sustained. As such, Williams second claim will be denied.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED AS MODIFIED, such that the recommendation should be modified to dismissal of the first ground for relief, and denial of the second ground for relief.

Respondent's motion to dismiss [docket no. 8] is GRANTED to the extent Williams's claim that he was denied credit for time spent in boot camp is DISMISSED WITH PREJUDICE, but otherwise the motion is DENIED.

Williams's first claim in the petition for writ of habeas corpus, that he was denied credit for time spent in boot camp, is DISMISSED WITH PREJUDICE; Williams's second claim, that he was denied street-time credit for time spent while on parole, is DENIED.

SIGNED October 9, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

observation. It would make no sense to require an inmate to use the prison's administrative procedures, but refuse to toll the limitations period on a habeas petition for the same claim. This could force some inmates to prepare a habeas petition for a claim that may be [and hopefully would be] reconciled under the prison's own grievance procedure.")

3